**FILED**
**Apr 14, 2021**
**09:22 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| ALEJANDRA FRAUSTO, | ) | Docket No. 2019-05-1276 |
| Employee, | ) | |
| v. | ) | |
| MARKETING & SALES MGMT. | ) | State File No. 93585-2018 |
| CORP., | ) | |
| Employer, | ) | |
| And | ) | |
| ERIE INS. EXCHANGE. | ) | Judge Dale Tipps |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This case came before the Court on April 6, 2021, for an Expedited Hearing on whether Ms. Frausto is likely to prove at a hearing on the merits that she is entitled to chiropractic treatment. To receive these benefits, Ms. Frausto must show that her need for additional treatment arose primarily out of and in the course and scope of her employment. The Court holds Ms. Frausto was unable to meet this burden and denies the requested benefits at this time.

### History of Claim

Ms. Frausto injured her back while working for Marketing & Sales Management (MSM) on November 20, 2018. She reported the injury, and MSM provided medical treatment at Concentra Medical Center. After treating Ms. Frausto for lumbar strain for a few weeks, Concentra referred her to Dr. David West, an orthopedic spine specialist. MSM approved the referral, and Ms. Frausto saw Dr. West on February 14.

Dr. West assessed non-surgical chronic low-back pain and ordered additional physical therapy. After a functional capacity evaluation, he released Ms. Frausto at maximum medical improvement on May 2.

Ms. Frausto testified she continues to suffer from low-back pain and asked that the

1

Court order MSM to provide chiropractic treatment.[1]  MSM responded that she is not entitled to the requested treatment because her authorized doctor, Dr. West, did  not recommend it.  MSM also maintained it has consistently offered Ms. Frausto a return to Dr. West and continues to do so, but she has always declined.

**Findings of Fact and Conclusions of Law**

Ms. Frausto must provide sufficient evidence from which the Court might determine she would likely prevail at a hearing on the merits.  *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).  To prove entitlement to medical treatment, she must show that her alleged injuries arose primarily out of and in the course and scope of her employment.  This includes the requirement of showing, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . need for medical treatment, considering all causes."  "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility.  *See* Tenn. Code Ann. § 50-6-102(14).

MSM has provided Ms. Frausto with medical treatment, including the orthopedic specialist recommended by her first provider.  The Court understands Ms. Frausto is dissatisfied with the results of her medical care, but she has not identified any legal basis that would justify an order for additional medical benefits, such as chiropractic treatment.  None of the authorized physicians has made that referral, and the Court cannot form its own medical opinion.  Instead, Ms. Frausto must provide medical evidence that the purported need for a chiropractor arose primarily out of this accident.  Without that proof, the Court has no authority to order the chiropractic treatment Ms. Frausto seeks.  *See Baker v. Electrolux,* 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *7-10 (Oct. 20, 2017).

Further, as noted above, MSM has discharged its statutory obligation to provide medical benefits made reasonably necessary by the reported injury.  Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) requires Ms. Frausto to "accept the medical benefits afforded under this section" and allows employers to designate the panel doctors who are authorized to provide those benefits.  She admitted that MSM offered her a return to Dr. West, which she declined, and she presented no evidence that MSM ever refused a return appointment.  Thus, it appears treatment with the authorized doctor is still available.  Without proof that MSM failed to provide required treatment, Ms. Frausto has not shown she is likely to succeed on a claim for additional medical benefits.

---

[1] Ms. Frausto also wanted the Court to order MSM to pay her settlement demand.  The Court explained that it has no authority to issue such an order.  Similarly, although the Court is sympathetic to the problems she encountered when trying to return to work within her medical restrictions, it has no remedy available for those problems.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Frausto's claim against Marketing & Sales Management for additional medical benefits is denied at this time.

2. This case is set for a Scheduling Hearing on **June 24, 2021, at 9:00 a.m.** The parties must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

   **ENTERED April 14, 2021.**

   _____
   **Judge Dale Tipps**
   **Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Ms. Frausto's Rule 72 Statement in Support of Request for Expedited Hearing
2. Rule 72 Declaration of Jeffrey Cain
3. Indexed medical records

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. MSM's Witness and Exhibit List
5. MSM's Expedited Hearing Position Statement

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on April 14, 2021.

| Name | Certified Mail | Email | Service Sent To |
|------|----------------|-------|-----------------|
| Alejandra Frausto | X | X | 406 Highland Avenue Smyrna, TN 37167 fraustogabi@gmail.com |
| Catherine Dugan, Employer's Attorney | | X | cate@petersonwhite.com |
| MOST | | X | patsy.bumbalough@tn.gov peggy.haley@tn.gov |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*